GILBERT, Appellant, v. HARDIMON, Respondent.

(168 N. W. 25.)

(File No. 4274.   Opinion filed June 11, 1918.)

1. **Damages—Warehouseman, Injury by to Automobile—Burden of Proof, re Negligence—Instruction.**

 In a suit against a warehouseman, for damages to plaintiff's automobile stored with defendant, and for certain missing parts, etc., held, that, as charged by trial court, when proof was offered tending to show the machine in good condition and all parts and tools were therewith when it was delivered to defendant, the burden was on defendant to show his want of negligence.

2. **Damages—Warehouseman, Injury by to Automobile—Sufficiency of Evidence.**

 In a suit to recover for injury to plaintiff's automobile stored with defendant warehouseman, and for certain missing parts, etc., held, that, defendant's only witness being himself, who personally knew nothing about the care or otherwise taken of the auto, and who disputed none of plaintiff's evidence, but testified that none of the articles removed from the car were removed by him or his order, who failed to testify as to condition of warehouse before and after it was broken into a

short time prior to removal of the machine, that "we checked everything over and everything was there"—the defense was insufficient in law to be considered by the jury; that reasonable men could not differ thereon from the conclusion that the condition of the car was not the result of the breaking into the warehouse.

Appeal from the Municipal Court of the City of Sioux Falls. Hon. L. E. WAGGONER, Judge, Pro Tem.

Action by W. N. Gilbert, against Frank Hardimon, to recover damages for injury to his automobile. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Kirby, Kirby & Kirby,* for Appellant.

*John D. Lynch,* for Respondent.

(1) To point one of the opinion, Respondent cited: 40 Cyc. 470-1.

GATES, J. Plaintiff stored an automobile with defendant, a warehouseman, for several months. On taking it out of storage certain parts and tools were missing, certain parts broken, and the machine would not run. In an action for damages the jury returned a verdict for defendant. From the judgment and an order denying a new trial, plaintiff appeals.

[1, 2] The only point necessary to consider is the sufficiency of the evidence to sustain the verdict. As charged by the court when proof was offered tending to show that the machine was in good condition and all the parts and tools were there when delivered to the warehouseman, the burden was on defendant to show his want of negligence. The only witness for the defendant was himself, and he apparently knew nothing about the car, except that he first saw it several days after it was placed in storage. He did not testify that he ever made a personal examination of the car, nor did he dispute any of the evidence offered on behalf of plaintiff. After testifying generally as to the care used, he testified that none of the articles removed from from plaintiff's car were removed by him or by his order, but that a short time prior to the removal of the machine the warehouse was broken into. He did not testify as to the condition of the car before or after the warehouse was broken into, nor did he call any of his assistants to the witness

stand.    He also negatived the assumption on his part that the
damage occurred and the missing parts were stolen at the time
the warehouse was broken into by testifying that, "We checked
everything over, and everything was there."    We are of the
view that the defense was insufficient in law to be considered
by the jury.    The fact that the windshield was broken, that a
good tire was taken off and an old worn tire substituted, and
that the machine would not run, together with plaintiff's testi-
mony as to the examination made immediately thereafter, show,
beyond a reasonable doubt, that the condition of the car was not
the result of the breaking into the warehouse.    Reasonable men
could not differ from this conclusion.    We think defendant ut-
terly failed to establish a defense to the action.

The judgment and order appealed from are reversed, and the
cause remanded for a new trial.